FILED
IN COURT
ASHEVILLE, N.C.

SEP - 3 2009

U.S. DISTRICT COURT
W. DIST. OF N.C.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL NO. 1:09CR78

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **CONSENT ORDER AND** |
| ) | **JUDGMENT OF FORFEITURE** |
| IMRAN ALAM ) | |
| ) | |
| Defendant. ) | |

WHEREAS, the defendant, IMRAN ALAM, has entered into a plea agreement (incorporated by reference herein) with the United States and has voluntarily pleaded guilty pursuant to Federal Rule of Criminal Procedure 11 to the offense stated in 18 U.S.C. § 1511, Obstruction of state or local law enforcement, an offense for forfeiture may be ordered;

WHEREAS, the defendant and the United States stipulate and agree that the property described below constitutes property derived from or traceable to proceeds of the defendant's offense(s) herein; property involved in the offenses, or any property traceable to such property; and/or property used in any manner to facilitate the commission of such offense(s); or substitute property for which under 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e), and is therefore subject to forfeiture pursuant to 18 U.S.C. § 982, Fed. R. Crim. P. 32.2, 21 U.S.C. § 853, 18 U.S.C. § 981(a)(1), and 28 U.S.C. § 2461;

WHEREAS, the defendant herein waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant;

WHEREAS, pursuant to Federal Rules of Criminal Procedure 32.2(b)(1) & (c)(2), the Court finds that there is the requisite nexus between the property and the offense(s) to which the defendant has pleaded guilty and/or that a personal money judgment in the amount of criminal proceeds may be entered and that the defendant has a legal interest in the property;

WHEREAS, the undersigned United States Magistrate Judge is authorized to enter this Order by the previous Order of this Court No. 3:05MC302-C (September 8, 2005);

WHEREAS, the United States and the defendant agree:

a. The defendant, for himself and as member-manager of ISI Enterprise ( L.L.C.) ("ISI"), and Irrum Alam, the defendant's wife for herself and on behalf of ISI and Alam, Inc, of which she is president, state that there are no deeds of trust or liens of any kind on **Wolf Creek Market** and on **55 English Lane**.

b. The defendant, for himself and as member-manager of ISI and Irrum Alam, the defendant's wife for herself and on behalf of ISI, state that the only lien of any kind on **2 Sunset View** is the Deed of Trust identified at Book 4340, Page 669, of the Registry of Deeds of Buncombe County, North Carolina, in favor of Suntrust Mortgage, Inc.; and that the current payoff value of said Deed of Trust is approximately $970,000.00.

c. The defendant, for himself and as member-manager of ISI, and Irrum Alam, the defendant's wife for herself and on behalf of ISI, and Alam, Inc., of which she is president, and which is currently a tenant of ISI at **Wolf Creek Market**, agree to maintain the leases currently operating at **Wolf Creek Market** until the scheduled expiration of such leases or until the sale of the property by the United States. Any new leases are subject to the approval of the United States. The United States may renew such leases at its discretion, upon request, or the leases may be modified by agreement..

d. The forfeiture of the three real properties described below is a complete satisfaction of all assets in forfeiture, including personal money judgments, owed by the defendant to the United States. The United States agrees to release all lis pendens or liens on any other properties, which lis pendens or liens may have been placed by the United States in connection with all prosecutions, criminal forfeiture, and civil forfeiture, of the defendant or connected to the defendant.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

The following property is forfeited to the United States:

> **a) 2 Sunset View, real property identified in the Registry of Deeds of Buncombe County, North Carolina, in Book 3778, Page 0050, together with the residences, and all appurtenances, improvements, and attachments thereon;**
>
> **b) Wolf Creek Market, 11120 U.S. Highway 23, Mars Hill, North Carolina, real property identified in the Registry of Deeds of Madison County, North Carolina, in Book 427, Page 130, together with the appurtenances, improvements, and attachments thereon;**
>
> **c) 55 English Lane, Weaverville, Buncombe County, North Carolina, real property identified in the Registry of Deeds of Buncombe County, North Carolina, in Book 4201 Page 1291, together with the appurtenances, improvements, and attachments thereon.**

The United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described tangible property.

Upon the seizure of any property to satisfy all or part of the judgment, the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this forfeiture as required by 21 U.S.C. § 853(n) and the aforementioned Order of this Court No. 3:05MC302-C (September 8, 2005).

Any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered, as provided by Fed. R. Crim. P. 32.2(c)(2). If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

EDWARD R. RYAN
ACTING UNITED STATES ATTORNEY

_____
COREY ELLIS
Assistant United States Attorney


_____
IMRAN ALAM
Defendant
For himself and as member-manager of ISI Enterprise (L.L.C.)


_____
ANTHONY SCHEER
Attorney for Defendant


_____
EDWARD L. BLEYNAT, JR.
Attorney for Defendant


AGREED:

_____
IRRUM ALAM
Wife of the defendant
For herself and on behalf of ISI Enterprise (L.L.C.) and
on behalf of Alam, Inc., as its president


Signed this the 3rd day of September, 2009.

_____
DENNIS L. HOWELL
UNITED STATES MAGISTRATE JUDGE

4